DOWNEY, Judge.
Reid was convicted of operating a motor vehicle while intoxicated and causing the death of a human being contrary to Section 860.01, Florida Statutes (1981). In seeking to reverse the judgment of conviction and sentence, Reid contends the trial court erred in denying his motion to suppress the results of a blood test. In addition, he maintains that the evidence of negligence was insufficient to take the case to a jury.
The accident in question occurred on North Federal Highway in the City of Boca Raton. The deceased was exiting a church parking lot at the direction of a city traffic officer who was stationed in the middle of the northbound traffic lanes. Reid was traveling north on Federal Highway and failed to heed the officer’s direction to stop, causing him to collide with the accident victim.
Shortly after the accident, two law enforcement officers arrived on the scene. Officer Ehrhardt was investigating the traffic aspects of the ease and Officer Rut-ter was conducting a criminal investigation. Rutter found Reid sitting in the median strip adjacent to the accident scene. He advised Reid of his mission and the possibility of criminal charges arising therefrom. After checking Reid’s truck and smelling the odor of alcohol, Rutter smelled Reid’s breath, which also contained a strong alcohol odor. Since it was necessary to take Reid to the hospital, Rutter asked Reid if he would submit to a chemical, or blood, test while there, and Reid agreed to do so. Later at the hospital, while waiting for the lab technician to perform the blood test, Rutter talked further with Reid, advised him of his constitutional rights and of the implied consent law. Reid advised him he had been drinking beer during the afternoon and had just finished the last one before the accident. The cab of his truck contained an empty beer can and broken wine bottles. The blood test revealed a .231 blood alcohol reading.
We find no merit to Reid’s attack upon the order denying his motion to suppress the blood test results. Reid, who was in full possession of his faculties before and during his hospital visitation, consented to the testing to determine his blood alcohol level. Furthermore, there was no melding or confusion concerning Officer Rutter’s function with Officer Ehrhardt’s function in their respective dealings with Reid. Rutter made it clear at all times that he was conducting a criminal investigation, not a traffic investigation. Thus, the privilege attendant upon a traffic accident report does not pertain here. State v. Coffey, 212 So.2d 632 (Fla.1968).
Finding no merit in Reid’s other contentions, we affirm the judgment and sentence appealed from.
AFFIRMED.
ANSTEAD, C.J., and DELL, J., concur.